1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 DAVID LITMON, JR.,                           No. C-10-3894 EMC

9          Plaintiffs

10     v.                                       **ORDER GRANTING DEFENDANTS'**
                                               **MOTION TO STRIKE AND DISMISS**
11 EDMUND G. BROWN, Attorney General of        **FIRST AMENDED COMPLAINT**
   California,
12                                              **(Docket No. 38)**
           Defendants.
13 _____/

14

15

16          Previously, the Court gave Plaintiff David Litmon, Jr., leave to file a first amended complaint

17 ("FAC") containing an equal protection claim. *See* Docket No. 31 (order); *see also* Docket No. 35

18 (order). Currently pending before the Court is Defendants' Edmund G. Brown, Jr. and Kamala D.

19 Harris's motion to strike and dismiss the FAC. Mr. Litmon failed to file an opposition to the

20 motion. The Court finds this matter suitable for disposition without a hearing and thus **VACATES**

21 the hearing on the motion set for September 19, 2011. The Court hereby **GRANTS** the motion to

22 dismiss.

23                            **I.     DISCUSSION**

24 A.     Motion to Strike

25          Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an

26 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

27 P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that

28

must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted).

In the instant case, Defendants ask the Court to strike the first and third causes of action pled in the FAC. Defendants note that the Court's order permitting Mr. Litmon to file a FAC allowed him to assert a claim for equal protection only, and neither the first nor the third cause of action is a claim for equal protection. Defendants further point out that the first and third causes of action are essentially claims that the Court previously dismissed. The Court agrees on both points and therefore grants the motion to strike the first and third causes of action from the FAC.

B.  Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

In the instant case, Defendants argue that the equal protection claim should be dismissed because (1) Governor Brown[1] has no role in enforcing California Penal Code § 290.012 and because (2) it is not clear from the allegations how the statute is applied unequally.

---

[1] Per the Court's order of May 25, 2011, Mr. Litmon was given leave to amend to add an equal protection claim against Governor Brown only and not Attorney General Harris because Mr. Litmon had clarified in a prior brief that that claim was directed solely against Governor Brown. *See* Docket No. 35 (Order at 1).

With respect to the first argument, Defendants correctly point out that,

> [u]nder *Ex Parte Young* [which permits suits for injunctive relief against state officials], the state officer sued "must have some connection with the enforcement of the [allegedly unconstitutional] act." This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.

*Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). In accordance with *Los Angeles County Bar Association*, Judge Hamilton of this District has noted that the California governor's "duty to 'supervise all executive and administrative officers of the State of California and see that their official duties are performed'" is not enough to constitute a connection with enforcement. *Gray Panthers of San Francisco v. Schwarzenegger*, No. C 09-2307 PJH, 2009 U.S. Dist. LEXIS 78337, at *6 (N.D. Cal. Sept. 1, 2009). If such general responsibilities could be sufficient, then "a state governor would be subject to suit in every case in which a plaintiff in his or her state seeks prospective injunctive relief or declaratory relief against an official in that state." *Id.*

In the instant case, Mr. Litmon has failed to include allegations establishing that Governor Brown has a specific duty to enforce § 290.012. Indeed, the language of the statute suggests that the duty to enforce belongs not to the Governor, but rather to the California Department of Justice. *See* Cal. Pen. Code § 290.012(b) ("providing that "every person who has ever been adjudicated a sexually violent predator . . . shall, after his or her release from custody, verify his or her address no less than once every 90 days and place of employment, including the name and address of the employer, *in a manner established by the Department of Justice*"); *see also* FAC at 2 (alleging that the Attorney General "is responsible for the Policy . . . that requires Plaintiff to appear at the local police station"). Alternatively, Mr. Litmon's allegations suggest that the duty to enforce belongs to local police stations. *See id.*

Defendants' second argument – *i.e.*, that it is not clear from the FAC's allegations how the statute is applied unequally – also has merit. In the FAC, Mr. Litmon alleges as part of his equal protection claim that "Penal Code Section 290.012 does not require other similarly situated Civil Committees, with convictions for similar sex offenses to update their registration every 90 days in person at the local Police Department." FAC at 4. But the complaint fails to explain the basis on

which other persons received preferential treatment. *Cf. Marziano v. County of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at \*9 (N.D. Cal. Oct. 4, 2010) (noting that plaintiff had specified that similarly situated persons were treated more favorably because they were given the opportunity to telecommute but she was not; however, finding claim deficient because plaintiff did not "clearly state the basis of her discrimination claim" – *e.g.*, race, gender). As such, the FAC fails to state a non-conclusory plausible claim of discrimination.

Accordingly, the Court dismisses the equal protection claim asserted by Mr. Litmon for failure to state a claim for relief. Mr. Litmon, however, shall be given one more opportunity to amend his complaint to address the deficiencies identified above with respect to his equal protection claim. The Court emphasizes that Mr. Litmon has leave to file an amended complaint to replead an equal protection claim only – and not any other claim for relief. The Court also forewarns Mr. Litmon that, if he fails to cure the above deficiencies, then the Court will likely dismiss the equal protection claim with prejudice – *i.e.*, he will not be given a further opportunity to amend.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion to strike and dismiss is granted. Mr. Litmon has leave to file a second amended complaint to replead only an equal protection claim. No new causes of action may be added, and no causes of action previously dismissed may be added either. Mr. Litmon shall have thirty days from the date of this order to file and serve his second amended complaint. If he does not do so, then the Clerk of the Court shall enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 38.


IT IS SO ORDERED.


Dated: September 12, 2011

_____
EDWARD M. CHEN
United States District Judge

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    DAVID LITMON, JR.,                    No. C-10-3894 EMC

9              Plaintiffs

10        v.

                                           **CERTIFICATE OF SERVICE**

11   EDMUND G. BROWN, Attorney General of
     California,

12

              Defendants.

13

14   _____/

15

16        I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

17   District of California.  On the below date, I served a true and correct copy of the attached, by placing

18   said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

19   said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

20   receptacle located in the Office of the Clerk.

21   **DAVID LITMON, JR.**
     32314 Ruth Court

22   Union City,  CA 94587

23   Dated:  September 12, 2011          RICHARD W. WIEKING, CLERK

24

25                              By: _____/s/  Leni Doyle_____
                                    Leni Doyle

26                                  Deputy Clerk

27

28